UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JACOBO PEGUERO-CARELA,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 13-1276 (JAF)

(Crim. No. 08-37-4 (JAF))

**OPINION AND ORDER**

Petitioner, Jacobo Peguero-Carela, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-37-4. (Docket No. 1.)

**I.**

**Background**

Petitioner and three co-defendants were found guilty on two drug-related charges: One count of conspiracy to distribute narcotics and one count of conspiracy to import cocaine into the United States. On December 21, 2009, we sentenced Petitioner to 324 months, to be served concurrently. (Cr. Docket No. 356.) The First Circuit affirmed Petitioner's conviction. See United States v. Espinal-Almedia, 699 F.3d 588 (1st Cir. 2012). Petitioner now seeks relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 7.)

## II.

## **Legal Standard**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner claims he was apprehended in The Dominican Republic's Territorial Contiguous Zone and that, therefore, the United States lacked jurisdiction to charge him with the crimes for which he was convicted. Petitioner never raised this claim during trial or in the appeals' process. Claims not previously raised are deemed waived.

Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 374 n. 7 (1st Cir.2011) (arguments not raised on appeal are waived). Even if Petitioner's claim was not waived, however, the record contradicts it. A review of the trial transcript indicates that the vessel was intercepted by the Coast Guard in international waters. Moreover, at the time of the interdiction the vessel made no effort to identify itself with any state. As such, the vessel was deemed "stateless" and within the jurisdiction of the United States. See United States v. Nueci-Peña, 711 F.3d 191, 194 (1st Cir. 2013) (a vessel that "at the time of the interdiction…flew no flag, had no markings, had no registration documentation, and … offered no proof" was stateless and under the jurisdiction of the United States).

Next, Petitioner asserts that his counsel was ineffective for denying him the right to testify in his own defense and failing to develop a due process objection to evidence. To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

First, Petitioner argues that his counsel denied him the right to testify in his own defense. Petitioner states that "there's a reasonable probability that the court and jury would have heard facts and explanations about the case that would have changed the outcome of the proceeding." (Docket No. 1.) This is not sufficient to meet the Strickland standard. Petitioner must cite specific details and facts demonstrating how his testifying would have changed the outcome—a vague assertion that the outcome would be different is not enough. Strickland, 466 U.S. at 693 ("actual ineffectiveness claims alleging a

deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). Furthermore, Petitioner's counsel made a strategic trial decision to keep him from testifying and *also* being cross-examined. Such a decision receives a high level of deference. Strickland, 466 U.S. at 690 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable."). Finally, as the government points out, the totality of evidence presented leaves little doubt that, even if Petitioner had been allowed to testify, the outcome would not have been different.

Second, Petitioner asserts that his counsel failed to object to an in-court identification. Petitioner raised this claim on direct appeal. Espinal-Almeida, 699 F.3d at 601-02. Petitioner cannot collaterally challenge a matter that has previously been decided on direct appeal. See Withrow v. Williams, 507 U.S. 680, 720-21 (1993).

"We can well understand that petitioner does not enjoy [her] incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). Petitioner has made no argument that would indicate that his rights have been denied.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of February, 2014.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              U. S. DISTRICT JUDGE